## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERIT MEDICAL SYSTEMS, INC.,<br>1600 West Merit Parkway<br>South Jordan, UT 84095,<br>　　　　　　　　　*Plaintiff,*<br><br>　　v.<br><br>WILLIAM P. BARR, *in his official capacity as*<br>*Attorney General of the United States,*<br>United States Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530,<br><br>THE UNITED STATES<br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530,<br><br>*and,*<br><br>THE UNITED STATES DISTRICT<br>COURT FOR THE<br>DISTRICT OF NEW JERSEY,<br>50 Walnut Street<br>Newark, New Jersey 07102,<br>　　　　　　　　　*Defendants.* | Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Merit Medical Systems, Inc. ("Merit") makes this Complaint for

declaratory and injunctive relief against Defendants the Attorney General of the United

States in his official capacity, the United States Department of Justice, and the United States District Court for the District of New Jersey, stating as follows:

## INTRODUCTION

1.      The common law and First Amendment to the Constitution guarantee open and transparent judicial proceedings.  Exceptions to these rights of access are strictly limited.  One exception enables the brief sealing of a private plaintiff's civil action under the *qui tam* provision of the False Claims Act.  Congress provided for this sealing to avoid tipping off targets of criminal investigations.  And Congress took care to ensure that such sealing would be brief and justified by good cause, as required by the common law and First Amendment guarantees of openness, by limiting the initial seal to 60 days and requiring that any extensions sought by the government be supported by good cause as determined by a federal court.

2.      But government attorneys in this District regularly circumvent the requirement to show good cause for denying the public and *qui tam* defendants access to the judicial records of *qui tam* actions.  Taking advantage of the *ex parte* nature of requests to invoke this exception to the usual public nature of judicial proceedings, government lawyers seek court orders to remove these cases from the active docket—a practice called "administrative termination"—and to seal them indefinitely, without any deadline or recurring judicial assessment of good cause.  Judges have gone along with this practice, agreeing to "administratively terminate" and seal these civil actions indefinitely.  The result is an unlawful shroud of secrecy cast over scores of civil actions

that have languished on hidden dockets—in some cases for years—without justification.  One case was sealed for 15 years—including more than seven months while the plaintiff was deceased.

3.      This practice eviscerates the hallmark transparency of our judicial process, violating the public's right of access to judicial proceedings and documents under the First Amendment and longstanding common law.  And this illegal practice denies *qui tam* defendants the right to timely defend themselves with the tools provided by Congress and the Supreme Court.  Consistent with Justice Louis Brandeis's observation that "sunlight is the most powerful of all disinfectants," *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 350 (1964) (Goldberg, J., concurring) (internal quotation marks omitted), Merit seeks declaratory and injunctive relief to reveal the extent of and to end this illegal practice.

## THE PARTIES

4.      Founded in 1987, Merit is a worldwide designer, developer, manufacturer and marketer of medical devices used in interventional and diagnostic procedures. Merit is a publicly traded corporation with its principal place of business at 1600 West Merit Parkway, South Jordan, Utah, 84095.

5.      Defendant William P. Barr is sued in his official capacity as the Attorney General of the United States and the head of the United States Department of Justice. As Attorney General, Mr. Barr is responsible for the conduct of Department of Justice attorneys in the District of New Jersey, Washington, D.C., and elsewhere.

6.      Defendant the United States Department of Justice is the federal executive department of the United States government responsible for the enforcement of the law and the administration of justice.

7.      Defendant the United States District Court for the District of New Jersey is the federal trial court located in the state of New Jersey.

## JURISDICTION AND VENUE

8.      This action seeks declaratory and injunctive relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

9.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

10.      Venue is proper in this judicial District under 28 U.S.C. § 1391(e).

11.     There is currently an actual, justiciable controversy between the parties concerning whether the practice of "administratively terminating" and sealing *qui tam* actions indefinitely, with no time limits or recurring judicial assessment of cause for the seal, violates the Constitution and the common law.

12.     The declaratory and injunctive relief requested in this Complaint will resolve this controversy by eliminating this practice and unsealing judicial records that have been sealed without legal justification.

13.     Merit intends to present information revealed by this action to the Judicial Branch, including the Judicial Conference of the United States, the Legislative Branch, and the Executive Branch, in order to seek the adoption of rules, laws, and policies to ensure access to judicial proceedings and records.

14.     This Court may award costs and attorneys' fees under 28 U.S.C. § 2412.

## ALLEGATIONS

15.     The public possesses a common-law right of access to judicial proceedings and records. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984), *as amended* (May 29, 1984).

16.     Both docket sheets and *qui tam* complaints filed under the False Claims Act are "judicial records" within the meaning of the common law.

17.     The First Amendment also "protects the public's right of access to the records of civil proceedings." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659 (3d Cir. 1991).

18.     The First Amendment right of access likewise extends to docket sheets and *qui tam* complaints filed under the False Claims Act.

19.     The right of access under the common law and the Constitution belongs to a constituency beyond direct participants in the litigation.  For example, the Local Rules for the United States District Court for the District of New Jersey provide that "[a]ny interested party may move to intervene . . . to obtain public access to materials or judicial proceedings filed under seal."  D.N.J. Local Civil Rule 5.3(c)(5).

20.     One limited exception to these common-law traditions and constitutional imperatives, and the rules and procedures implementing them, involves the *qui tam* provision of the False Claims Act, under which a private person—known as a relator— may bring a civil action against a defendant on behalf of the government.  31 U.S.C. § 3730(b)(1).

21.     When a *qui tam* complaint is filed, it must be initially sealed and not served on the defendant for 60 days.  31 U.S.C. § 3730(b)(2).

22.     Congress enabled the government to move the court for extensions of this sealing period only for "good cause shown."  31 U.S.C. § 3730(b)(3).

23.     Merit does not challenge the constitutionality of the initial 60-day sealing period, or the proper application of the "good cause" standard by a federal court to assess whether to grant an extension of time to seal documents under the False Claims Act.

24.     Government attorneys in this District, however, have long followed a practice of not complying with the False Claims Act's sealing provisions and circumventing judicial scrutiny of extensions of the seal and defeating the public's rights of access.

25.     In other judicial districts, the government's general practice—consistent with the False Claims Act's sealing provisions—is to file motions for extensions of the seal in circumstances where the government believes good cause for an extension exists. The filing of such a motion enables the court to probe the government on whether good cause in fact exists and to press the government to move quickly so that the seal can be lifted as soon as possible.  If the court finds that good cause does not exist to continue the seal, it denies the government's motion and unseals the action.  If the court finds that good cause exists to continue the seal, it extends the seal for a finite period of time, narrowly tailored to the good cause shown, after which the government must either move to unseal the action or seek another extension for good cause shown.  In this way, the court—rather than the government—controls how long the seal remains in place, and the court has the ability to end the sealing promptly once good cause for continued sealing no longer exists.

26.     In this District, the government does not adhere to this accepted practice. Instead, the government avoids judicial scrutiny and effectively exercises unilateral control over how long the seal remains in place by obtaining orders sealing and "administratively terminating" *qui tam* actions indefinitely.  Once a *qui tam* action has

been administratively terminated, it disappears from the Court's active docket.  And because it is under seal, it is invisible to the outside world.

27.     Extending the seal for a finite period of time, narrowly tailored to the good cause shown, and requiring the government to affirmatively seek and justify any further extensions leaves the court in control over the length of the seal.  By contrast, administrative termination leaves the case indefinitely sealed, with no requirement that the government return to the Court at any particular time to justify continued sealing. Instead, the government decides on its own when it would like the case unsealed.

28.     The government has tactical reasons to prefer *qui tam* actions to remain under seal for longer than justified under the First Amendment and the common law. Among other things, the government often seeks one-sided discovery via civil investigative demands while the action is under seal, *see* 31 U.S.C. § 3733, while the *qui tam* defendant lacks any ability to pursue reciprocal discovery or to challenge the complaint.  By operation of statute, once the action is unsealed, the ordinary Rules of Civil Procedure apply, with their due process-based guarantees of evenhanded and fair procedures.

29.     This Court's "administrative termination" practice thus defeats the protections Congress enacted to ensure that any deprivation of public access would be brief and justified by good cause, while enabling the government to benefit itself at the expense of the defendant.

30.     This extraordinary and unlawful practice in this District has been ongoing for more than 15 years.  As of 2008, according to one government motion, the "usual procedural practice in this jurisdiction [was] for the Clerk of this Court to 'administratively terminate' Qui Tam cases, pending the United States' determination to whether to intervene in the case."  United States' Application for an Order Staying and Administratively Terminating This Action, *United States ex rel. John Doe and Jane Doe v. AHS Hospital Corp.*, No. 08-2042 (D.N.J.) (ECF No. 4).

31.     In just the last five years, no fewer than 20 *qui tam* actions have been "administratively terminated" and sealed indefinitely at the request of the government.

32.     The dockets do not reflect periodic government motions for an extension of the seal for good cause or court orders finding good cause for such an extension, in some cases for years.

33.     The following are examples of cases that were "administratively terminated" and sealed indefinitely.  This information was not made public until several years after each case was filed, in some cases more than a decade later.

### *United States ex rel. Zappia v. Wall Street Financial Corp. et al.*
2:03-cv-01858

34.     In this matter, the plaintiff filed a *qui tam* action against certain defendants on April 24, 2003, in case number 2:03-cv-01858.  (ECF No. 1).  By law, the case was required to be sealed when filed.  The docket reflects the following entry on June 24, 2003:  "ORDER for Administrative Termination."  (ECF No. 5)

35.     The docket shows no entries between June 2003 and November 2010.

36.     The next sequential entry in the docket is more than seven years later, on November 19, 2010.  The plaintiff's counsel filed a motion to substitute the named plaintiff with another party (ECF No. 6), because the named plaintiff had passed away more than seven months before.

37.     The docket shows no entries between December 2010 and September 2017, a period of nearly seven years.

38.     On September 8, 2017, the government filed a notice of election to decline to intervene and take over the action.  (ECF No. 11).  The case remained sealed, however, for another nine months.

39.     On April 13, 2018, the case was reassigned, as the previously assigned judge was "no longer assigned to case." (ECF No. 12).  Indeed, the judge had retired more than a decade earlier, in 2006.

40.     On June 1, 2018, an order was issued that the complaint and the government's notice of election to decline to intervene be unsealed and served upon the defendants by the relator.  The order also provided that "[t]he Clerk of the Court shall administratively reopen the above action" and "that the seal be lifted as to all other matters occurring in this action after the date of this Order."  (ECF No. 13).

41.     In the fifteen years between the date of the administrative termination (June 2003) and the date when the action was unsealed (June 2018), there are no docket

entries reflecting any motion by the government showing good cause for an extension of the seal or any order or finding by the Court that there was good cause to do so.

### *United States ex rel. Doogah v. New Horizon Treatment Services, Inc.*,
3:15-cv-08902

42.     In this matter, the plaintiff filed a *qui tam* action against the defendant on December 29, 2015, in case number 3:15-cv-08902. (ECF No. 1).  By law, the case was required to be sealed when filed.

43.     On March 7, 2016, the government filed a pleading captioned "United States' Unopposed Ex Parte Application for an Order Staying and Administratively Terminating this action." (ECF No. 5).  On April 20, 2016, the Clerk of Court docketed a court order providing as follows:  "ORDER STAYING CASE; Case Administratively Terminated.  Complaint and all other filings shall remain under seal until further Order of this Court."  (ECF No. 8).  On the same day, April 20, 2016, the docket then shows the following:  "***Civil Case Administratively Terminated."

44.     The next sequential entry in the docket is almost three years later, on April 9, 2019.  The docket entry states:  "NOTICE of Election to Decline to Intervene and Application for Order Restoring Matter, Dismissing Complaint, and Unsealing Certain Documents by United States of America." (ECF No. 9).  By order dated the same day, the complaint and the government's notice of election were unsealed.  (ECF No. 10).

45.     Between the date of the administrative termination (April 2016) and the date when the action was unsealed (April 2019), there are no docket entries reflecting

any motion by the government showing good cause for an extension of the seal or any order or finding by the Court that there is good cause to do so.

### *United States ex rel. Lampkin v. Pioneer Education, LLC et al.*,
1:16-cv-01817

46.     By way of another example, on March 31, 2016, a plaintiff filed a *qui tam* action against several defendants in case number 1:16-cv-01817.  (ECF No. 1).  By law, the case was required to be sealed when filed.  On May 24, 2016, the docket shows the following entry:  "***Civil Case Terminated."

47.     The next entry in the docket is more than three years later, on July 29, 2019, and states:  "NOTICE of Election to Decline Intervention by United States of America."  (ECF No. 4).  Also on July 29, 2019, the docket reflects the following: "UNSEALING ORDER directing the Clerk to administratively reopen this action; ORDERED that the seal be lifted as to all other matters occurring in this action after the date in this Order, etc."  (ECF No. 5).

48.     Between the date of the administrative termination (May 2016) and the date when the action was unsealed (July 2019), there are no docket entries reflecting any motion by the government showing good cause for an extension of the seal or any order or finding by the Court that there is good cause to do so.

### *United States ex rel. Beltran v. First Health Management LLC et al.*,
3:16-cv-01456

49.     By way of another example, on March 15, 2016, a plaintiff filed a *qui tam* action against several defendants in case number 3:16-cv-01456.  (ECF No. 1).  By law,

the case was required to be sealed when filed.  On May 13, 2016, the docket shows the following:  "Order Staying and Administratively Terminating this Action and Granting United States Permission to Disclose Complaint."  (ECF No. 3).  This order, which was unsealed years later, states:

IT IS . . .

ORDERED that the United States' Unopposed Ex Parte Application for an Order Staying and Administratively Terminating this Action and Granting United States Permission to Disclose Complaint be and hereby is GRANTED; and it is further

ORDERED that without prejudice to the Relator or the United States, the above-captioned action be and hereby is stayed, but not dismissed, and that the Clerk of this Court shall administratively terminate this action in his records, without prejudice to the right of any party in the above-captioned action to administratively reopen these proceedings at any time, for any reason, on written notice to the Court; and it is further

ORDERED that in the event this action is administratively reopened for any reason, the rights of the Relator and the United States in the above-captioned action be and are hereby fully preserved as they exist at the time of entry of this Order, including, but not limited to, rights under 31 U.S.C. § 3730(b)(5), § 3730(e), and § 3731(b); and it is further

ORDERED that the seal on the above-captioned action is partially lifted so that, at its discretion, the United States may disclose the allegations raised by the Relator in the action, and/or provide a copy of the Complaint and/or any amended complaint, to relators and their counsel in any *qui tam* action that is pending, or may in the future be pending, in any district against any of the named Defendants in this action and/or related entities that has allegations that overlap or relate to the allegations in this qui tam; and it is further

ORDERED that the seal on the above-captioned action is partially lifted so that, at its discretion, the United States may disclose the allegations raised by the Relator in the action, and/or provide a copy of the Complaint and/or any amended complaint, redacted as

necessary, to any of the named Defendants in this action and/or related entities; and it is further

ORDERED that the seal shall remain in place on all other filings in this case, and on the Complaint and any amended complaint for all other purposes and specifically shall apply to any counsel and relators to which disclosure is made under this Order, until further order of this Court.

50.     The next sequential entry in the docket is almost three years later, on February 15, 2019.  It states:  "NOTICE of Election to Decline to Intervene and Application for Order Restoring Matter, Dismissing Complaint and Unsealing Certain Documents by United States of America."  (ECF No. 4).  The next entry in the docket is dated February 26, 2019.  It states:  "ORDER that the Clerk shall administratively reopen the above-captioned action and restore it to the Court's active docket . . . ."  (ECF No. 5).

51.     Between the date of the administrative termination (May 2016) and the date when the action was unsealed (February 2019), there are no docket entries reflecting any motion by the government showing good cause for an extension of the seal or any order or finding by the Court that there is good cause to do so.

*United States ex rel. Gonzalez et al. v. Atlantic Adult Day Health Care et al.*,
1:16-cv-03066

52.     By way of another example, on May 26, 2016, two plaintiffs filed a *qui tam*

action against several defendants in case number 16-cv-03066.  (ECF No. 1).  By law,

the case was required to be sealed when filed.

53.     The next entry in the docket is almost three years later, on February 26,

2019.  It states:

> NOTICE OF ELECTION TO DECLINE TO INTERVENE AND
> APPLICAITON [sic] FOR ORDER RESTORING MATTER,
> DISMISSING COMPLAINT, AND UNSEALING CERTAIN
> DOCUMENTS by UNITED STATES OF AMERICA.

(ECF No. 3).

54.     The docket shows the following entry on February 26, 2019:

> ORDER directing the Clerk to reopen this case.  ORDERED that the
> Relator's complaint shall be dismissed.  ORDERED that the complaint,
> any amended complaint, the United States' notice of election and all
> papers filed with the notice of election, and this order, shall be unsealed,
> etc.

55.     This Order states:

> The United States having filed with the Court its notice of election to
> decline to intervene in the above-captioned action and application for an
> order restoring the matter to the Court's active docket, dismissing the
> Complaint, and unsealing certain documents . . .[,] IT IS . . . ORDERED
> that the Clerk of the Court shall administratively reopen the above-
> captioned action and restore it to the court's active docket . . . .

(ECF No. 5).

56.     Between the date of the filing of the complaint (May 2016) and the date

when the action was unsealed (February 2019), there is one sealed docket entry, and no

docket entries reflecting any motion by the government showing good cause for an extension of the seal or any order or finding by the Court that there is good cause to do so.

### *United States ex rel. Ronan v. Garden State Spine & Pain Institute, LLC et al.,*
3:16-cv-05213

57.    By way of another example, on August 26, 2016, a plaintiff filed a *qui tam* action against several defendants in case number 3:16-cv-05213.  (ECF No. 1).  By law, the case was required to be sealed when filed.

58.    On October 25, 2016, the government filed a pleading titled "Ex Parte Application for an Order Staying and Administratively Terminating This Action and Granting United States Permission to Disclose Complaint by United States of America."  (ECF No. 2).  On October 28, 2016, the docket reflects the following entry: "ORDER Staying and Administratively Terminating Case and Granting United States permission to disclose complaint."  (ECF. No. 3).  The text of this order is not publicly available.  The next docket entry shows that the relator filed an amended complaint. (ECF No. 4).

59.    The next sequential entry in the docket is more than two years later, on March 4, 2019, and states:  "NOTICE of Election to Decline to Intervene and Application for Order Restoring Matter, Dismissing Complaint and Unsealing Certain Documents by United States of America."  (ECF No. 5).  A docket entry three days

later states: "STIPULATION and ORDER Restoring the Matter to the Active Docket and Unsealing Certain Documents . . . ." This Order states:

> The United States having filed with the Court its notice of election to decline to intervene in the above-captioned action and application for an order restoring the matter to the Court's active docket, dismissing the Complaint, and unsealing certain documents . . .[,] IT IS . . . ORDERED that the Clerk of the Court shall administratively reopen the above-captioned action and restore it to the court's active docket . . . .

(ECF. No. 6).

60.     Between the date of the administrative termination (October 2016) and the date when the action was unsealed (March 2019), there are no docket entries reflecting any motion by the government showing good cause for an extension of the seal or any order or finding by the Court that there is good cause to do so.

### *United States ex rel. Costello et al. v. Winter Enterprises P.C. et al.,*
1:16-cv-01803

61.     By way of another example, on March 31, 2016, two plaintiffs filed a *qui tam* action against multiple defendants in case number 1:16-cv-01803. (ECF No. 1). By law, the case was required to be sealed when filed.

62.     On June 14, 2016, the docket reflects the following entry: "ORDER staying and administratively terminating this action and granting United States permission to disclose complaint." (ECF No. 2). This order states:

> IT IS . . .
>
> ORDERED that the United States' Unopposed Ex Parte Application for an Order Staying and Administratively Terminating This Action and Granting

United States Permission to Disclose Complaint be and hereby is GRANTED; and it is further

ORDERED that without prejudice to the Relators or the United States, the above-captioned action be and hereby is stayed, but not dismissed, and that the Clerk of this Court shall administratively terminate this action in his records, without prejudice to the right of any party in the above-captioned action to administratively reopen these proceedings at any time, for any reason, on written notice to the Court; and it is further

ORDERED that in the event this action is administratively reopened for any reason, the rights of the Relators and the United States in the above-captioned action be and are hereby fully preserved as they exist at the time of entry of this Order, including, but not limited to, rights under 31 U.S.C. § 3730(b)(5), § 3730(e), and § 3731(b); and it is further

ORDERED that the seal on the above-captioned action is partially lifted so that, at its discretion, the United States may disclose the allegations raised by the Relators in the action, and/or provide a copy of the Complaint and/or any amended complaint, to relators and their counsel in any *qui tam* action that is pending, or may in the future be pending, in any district against any of the named Defendants in this action and/or related entities that has allegations that overlap or relate to the allegations in this qui tam; and it is further

ORDERED that the seal on the above-captioned action is partially lifted so that, at its discretion, the United States may disclose the allegations raised by the Relators in the action, and/or provide a copy of the Complaint and/or any amended complaint, redacted as necessary, to any of the named Defendants in this action and/or related entities; and it is further

ORDERED that the seal shall remain in place on all other filings in this case, and on the Complaint and any amended complaint for all other purposes and specifically shall apply to any counsel and relators to which disclosure is made under this Order, until further ordered.

63.     The public docket does not show entry number 3, and aside from a letter regarding an attorney's admission (ECF No. 4), the next sequential entry is more than two years later, on August 8, 2018, and states:  "Notice of Election to Decline to Intervene and for an Order Restoring Matter to the Active Docket by United States of

America." (ECF No. 5). The next docket entry states: "ORDER that the Clerk of the Court shall administratively reopen the action and unseal certain documents." (ECF No. 6).

64.    Between the date of the administrative termination (June 2016) and the date when the action was unsealed (August 2018), there are no docket entries reflecting any motion by the government showing good cause for an extension of the seal or any order or finding by the Court that there is good cause to do so.





**REDACTED - FILED UNDER SEAL**

\*     \*     \*

71.    On information and belief, there are many more administratively closed *qui tam* cases in this District.  Administrative closure shrouds cases and their dockets in continued secrecy; entire public dockets remain under seal, and even when eventually unsealed years later they continue to hide entries bearing on the government's illegal secrecy measures.  Of course, by nature of this practice, the identities and circumstances of these cases are extremely difficult to bring to light.

## COUNT I

### Defendants' Violations of the First Amendment

72.    Merit incorporates and realleges Paragraphs 1–71 as if fully set forth here.

73.     The First Amendment protects the public's right of access to the records of civil proceedings.  "[T]he public possess[es] a qualified First Amendment right to inspect docket sheets, which provide an index to the records of judicial proceedings." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004), *as amended* (Aug. 13, 2004).  And *qui tam* complaints are judicial documents covered by the First Amendment. *Cf. Am. Civil Liberties Union v. Holder*, 673 F.3d 245, 252 (4th Cir. 2011) (assuming without deciding that public access to *qui tam* complaints is protected by the First Amendment).

74.     Under the False Claims Act, a *qui tam* complaint "shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders."  31 U.S.C. § 3730(b)(2).  The statute also provides: "The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2)."  31 U.S.C. § 3730(b)(3).  It further provides that "[a]ny such motions may be supported by affidavits or other submissions in camera."  *Id.*

75.     Restrictions on public access must be "narrowly tailored" to comply with the First Amendment.  *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984), *as amended* (May 29, 1984)).  Where the government "attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is

narrowly tailored to serve that interest." *Globe Newspaper Co. v. Super. Ct. for Cty. of Norfolk*, 457 U.S. 596, 606–07 (1982).

76.     Defendants' practice of administratively terminating and sealing *qui tam* actions indefinitely and without recurring judicial review of whether there is good cause to do so is not narrowly tailored and therefore violates the First Amendment.  Indeed, it violates the FCA itself, the seal provision of which is narrowly tailored to provide for a relatively short seal period and to require a judicial finding of good cause for any extension.  *Cf. Holder*, 673 F.3d at 255, 256 (upholding the FCA seal provision only because it was narrowly tailored in that it requires courts to carefully weigh cause for the seal and grant an extension only where good cause is shown).

## COUNT II

### Defendants' Violations of the Common-Law Right to Access

77.     Merit incorporates and realleges Paragraphs 1–76 as if fully set forth here.

78.     The public possesses a common-law right to access judicial proceedings and records.  *Publicker*, 733 F.2d at 1070.  The right broadly extends to all judicial records.  *Avandia Mktg.,* 924 F.3d at 672.

79.     The common-law presumption of openness may be rebutted only by a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.  *Avandia Mktg.,* 924 F.3d at 673.  Broad allegations of harm, without specific examples or articulated reasoning, are insufficient to overcome this presumption.  *Id.*

80.     Defendants' practice of administratively terminating and sealing *qui tam* actions indefinitely and without recurring judicial review of whether there is good cause to do so violates the public's common-law right to access judicial records and proceedings.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A.     Declare that the practice of "administratively terminating" and sealing *qui tam* actions indefinitely, and without any periodic reassessment and findings of good cause, violates the First Amendment and the common law.

B.     Enjoin Defendants U.S. Department of Justice, William Barr, in his official capacity as Attorney General of the United States, and Department of Justice attorneys acting under his direction or authority from filing a motion, in any district court, to indefinitely seal, "administratively terminate," or otherwise remove a sealed *qui tam* case from the active docket without recurring judicial review of whether good cause exists for continued sealing.

C.     Enjoin Defendant the United States District Court for the District of New Jersey from entering orders that indefinitely seal, "administratively terminate," or otherwise remove a sealed *qui tam* case from the active

docket without recurring judicial review of whether good cause exists for continued sealing.

D.    As to each *qui tam* case in the District of New Jersey that has been "administratively terminated" and sealed indefinitely: (1) order that the case be returned to the active docket; (2) order that the docket entries be immediately unsealed, with only the names of the parties redacted; and (3) order that, if the government believes there is good cause to continue the seal, the government must, within 14 days, submit an affidavit, declaration, or certification, under oath, describing with particularity the good cause for continued seal of the case, including: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest that warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. D.N.J. Local Rule 5.3(c)(3).

E.    Order that (1) in cases where the government moves to extend the seal as described in paragraph D(3), the Court make a prompt determination whether good cause exists for the action to remain sealed; and (2) in cases

where the government does not move to extend the seal as described in paragraph D(3), the Court immediately unseal the action.

F.   Order that, in any action in which the Court finds good cause for the action to remain sealed, any extension of the seal be for a finite period of time narrowly tailored to the good cause shown.

G.   Award such other and further relief as the Court deems equitable and just.

Dated: May 28, 2020

Respectfully submitted,

/s/ Lawrence S. Lustberg
Lawrence S. Lustberg
GIBBONS P.C.
One Gateway Center
Newark, New Jersey  07102
Tel.: (973) 596-4731

Michael R. Pauzé*
Jason A. Jones*
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel: (202) 626-3732

*Counsel for Merit Medical Systems, Inc.*
*Admission *pro hac vice* to be submitted